OPINION
The State of Ohio (hereinafter "State") is appealing the judgment of the Montgomery County Common Pleas Court suppressing crack cocaine found in the vehicle of Defendant/Appellee Melody Pitts.
On January 1, 2001, at approximately 10:10 p.m., Officers Robert Orndorff and Kenneth Daly were patrolling when Officer Orndorff observed Ms. Pitts fail to signal for a right turn onto North Keowee Street. The officers followed Ms. Pitts and observed her again fail to signal when changing lanes. Officer Orndorff then activated his lights and effectuated a traffic stop.
The officers approached the vehicle, Officer Orndorff on the driver's side and Officer Daly on the passenger side. Officer Orndorff had just made contact with Ms. Pitts when Officer Daly signaled for him to come to the back of the car. At the rear of the vehicle, Officer Daly informed Officer Orndorff that he observed Ms. Pitts stick her hand between the seat and the console of her car. Officer Orndorff then asked Ms. Pitts to step out of her vehicle. Ms. Pitts complied with the request and stepped to the rear of the vehicle with Officer Daly.
Officer Orndorff then leaned into the vehicle and illuminated the inside of the vehicle with his flashlight. Officer Orndorff was able to observe a substance which appeared to be crack cocaine between the seat and the console. The substance was tested and was confirmed to be crack cocaine. Ms. Pitts was arrested for possession of crack cocaine.
On January 8, 2001, Ms. Pitts was charged with one count of possession of crack cocaine in the amount of one gram or less in violation of R.C.2925.11(A). On February 27, 2001, Ms. Pitts filed a motion to suppress. A hearing was held on the motion on July 12, 2001. The trial court sustained the motion on July 20, 2001. The State has filed this timely appeal.
The State raises the following as its sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT SUSTAINED DEFENDANT'S MOTION TO SUPPRESS EVIDENCE BASED ON AN ALLEGED INFRINGEMENT OF THE DEFENDANT'S FOURTH AMENDMENT CONSTITUTIONAL RIGHTS AGAINST UNLAWFUL SEARCHES {SIC} AND SEIZURES, BECAUSE THE EVIDENCE WAS SEIZED PURSUANT TO THE PLAIN VIEW EXCEPTION TO THE WARRANT REQUIREMENT.
The State argues that the trial court erred in finding the State failed to meet the inadvertent discovery requirement of the plain view doctrine when this requirement no longer exists. We agree.
An appellate court reviews a trial court's judgment on determinations of reasonable suspicion and probable cause on a de novo standard of review. State v. Thompson (1999), 134 Ohio App.3d 1, 5 citing Ornelas v. United States (1996), 517 U.S. 690.
In order for a plain view search to be valid it must fulfill two requirements: (1) the initial intrusion must be lawful or the officer must properly be in a position where he can view the particular area, and (2) it must be immediately apparent to the officer that the items he observes may be evidence of a crime, contraband, or otherwise subject to seizure. State v. Waddy (1992), 63 Ohio St.3d 424, 442, certiorari denied (1992), 506 U.S. 921. The plain view doctrine previously had a third requirement that the officer must discover the incriminating evidence inadvertently, but this requirement was eliminated. Waddy, supra at 442, fn. 5 citing Horton v. California (1990), 496 U.S. 128.
The State argues that the trial court erred in suppressing the evidence because the court's basis for the suppression was that the State failed to meet the inadvertent discovery requirement of the plain view doctrine. However, as we stated above, the requirement that the officer had to discover the contraband inadvertently was eliminated. Therefore, suppression of the evidence against Ms. Pitts based on that requirement is error. The State's assignment of error is sustained.
Additionally, although neither party disputes that the initial stop of Ms. Pitts for failing to signal was lawful based on Dayton v. Erickson (1996), 76 Ohio St.3d 3, or that the State met the immediately apparent that the substance was contraband prong of the plain view doctrine, Ms. Pitts argues that the State is unable to meet the first prong of the plain view test because Officer Orndorff leaning into the car with his flashlight to attempt to view the area between the seat and the console was an unlawful search. Thus, Ms. Pitts argues that Officer Orndorff was not lawfully intruding into her vehicle and therefore his leaning into the vehicle was an unlawful search. In State v. Reaves, this court held that an officer shining his flashlight into a vehicle to illuminate the inside of the vehicle is not a search. (Nov. 3, 2000), Montgomery App. No. 18302, unreported. However, Ms. Pitts argues Reaves is distinguishable because in that case the officer remained outside of the vehicle when illuminating the interior of the vehicle and in the instant case, Officer Orndorff leaned inside the vehicle. We cannot agree that there exists an invisible boundary line around the interior of a vehicle which the police officers may not cross. Therefore, we determine that leaning into a vehicle and illuminating the interior is not a search. Thus, the State also meets the first prong of the plain view doctrine as Officer Orndorff was lawfully and properly in a place when he observed the crack cocaine.
The judgment of the trial court is reversed and remanded.
BROGAN, J., concurs. WOLFF, P.J. concurs separately with opinion.